Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
NANCY LIBETH MORALES RUIZ, individually and on behalf of all others similarly situated,

          Plaintiff,

  -against-

MAP FOODS INC. d/b/a MICHAEL ANTHONY'S PIZZERIA & RESTAURANT and MICHAEL CALLARI, as an individual,

          Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, **NANCY LIBETH MORALES RUIZ**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff"), by her attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, brings this action against **MICHAEL ANTHONY'S PIZZERIA & RESTAURANT and MICHAEL CALLARI, as an individual** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **MAP FOODS INC. d/b/a MICHAEL ANTHONY'S PIZZERIA & RESTAURANT**, located at 2425 Middle Country Road, Centereach, NY 11720.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiff*

7. Plaintiff NANCY LIBETH MORALES RUIZ residing in Centereach, NY was employed by Defendants at MAP FOODS INC. d/b/a MICHAEL ANTHONY'S PIZZERIA & RESTAURANT, from in or around April 2022 until in or around February 2024.

### *The Defendants*

**Map Foods Inc. d/b/a Michael Anthony's Pizzeria & Restaurant**

8. Defendant, MAP FOODS INC. d/b/a MICHAEL ANTHONY'S PIZZERIA & RESTAURANT, is a domestic business corporation organized under the laws of New York with a principal executive office and service of process address at 2425 Middle Country Road, Ste 102, Centereach, NY 11720.

9. Defendant, MAP FOODS INC. d/b/a MICHAEL ANTHONY'S PIZZERIA & RESTAURANT is registered in the New York Department of State, Division of Corporation with service of process address at 15 Harwood Way, Coram, NY 11727.

**Individual Defendant Michael Callari**

10. At all relevant times hereto, Defendant MICHAEL CALLARI owns and operates MAP FOODS INC. d/b/a MICHAEL ANTHONY'S PIZZERIA & RESTAURANT.

11. Upon information and belief, Defendant MICHAEL CALLARI is an agent of MAP FOODS INC. d/b/a MICHAEL ANTHONY'S PIZZERIA & RESTAURANT.

12. At all relevant times hereto, Defendant MICHAEL CALLARI is responsible for overseeing the daily operations of MAP FOODS INC. d/b/a MICHAEL ANTHONY'S PIZZERIA & RESTAURANT.

13. At all relevant times hereto, Defendant MICHAEL CALLARI has power and authority over all the final personnel decisions at MAP FOODS INC. d/b/a MICHAEL ANTHONY'S PIZZERIA & RESTAURANT.

14. At all relevant times hereto, Defendant MICHAEL CALLARI has power and authority over all final payroll decisions of MAP FOODS INC. d/b/a MICHAEL ANTHONY'S PIZZERIA & RESTAURANT, including the Plaintiff.

15. At all relevant times hereto, Defendant MICHAEL CALLARI has the exclusive final power to hire the employees of MAP FOODS INC. d/b/a MICHAEL ANTHONY'S PIZZERIA & RESTAURANT, including the Plaintiff.

16. At all relevant times hereto, Defendant MICHAEL CALLARI has exclusive final power over the firing and terminating of the employees of MAP FOODS INC. d/b/a MICHAEL ANTHONY'S PIZZERIA & RESTAURANT, including Plaintiff.

17. At all relevant times hereto, Defendant MICHAEL CALLARI is responsible for determining, establishing, and paying the wages of all employees of MAP FOODS INC. d/b/a MICHAEL ANTHONY'S PIZZERIA & RESTAURANT, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

18. Accordingly, at all relevant times hereto, Defendant MICHAEL CALLARI was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

19. At all times relevant to the allegations contained in the complaint, Corporate Defendant was, and is, enterprises engaged in interstate commerce within the meaning of the FLSA in that MAP FOODS INC. d/b/a MICHAEL ANTHONY'S PIZZERIA & RESTAURANT, (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

20. Plaintiff NANCY LIBETH MORALES RUIZ was employed by Defendants at MAP FOODS INC. d/b/a MICHAEL ANTHONY'S PIZZERIA & RESTAURANT, from in or around April 2022 until in or around February 2024.

21. During Plaintiff NANCY LIBETH MORALES RUIZ's employment with the Defendants, Plaintiff's primary duties were as a food preparer, cook, and cleaner while performing other miscellaneous duties from in or around April 2022 until in or around February 2024.

22. Plaintiff regularly worked three (3) days per week during her first three (3) weeks of employment in or around April 2022 and five (5) days per week on the succeeding months until in or around February 2024.

23. Plaintiff regularly worked a schedule of shifts beginning at approximately 11:00 a.m. each workday and regularly ending at approximately 4:00 p.m. or later, three (3) days per week during her first three (3) weeks of employment in or around April 2022; from approximately 9:00 a.m. each workday and regularly ending at approximately 9:00 p.m. or later, five (5) days per week from in or around the last week of April 2022 until in or around June 2022; and from in or around 9:00 a.m. each workday and regularly ending at approximately 9:00 p.m. or later, four (4) days per week and from approximately 10:00 a.m. each workday and regularly ending at approximately 9:00 p.m. or later, once a week from in or around July 2022 until in or around February 2024.

24. Thus, Plaintiff NANCY LIBETH MORALES RUIZ was regularly required to work approximately fifteen (15) hours per week during her first three weeks of employment in or around April 2022; approximately sixty (60) hours per week from in or around the last week of April 2022 until in or around June 2022; and approximately fifty-nine (59) hours per week from in or around July 2022 until in or around February 2024.

25. Plaintiff NANCY LIBETH MORALES RUIZ was paid by the Defendants a flat hourly rate of approximately $17.00 per hour for all hours worked from in or around April 2022 until in or around February 2024.

26. Although Plaintiff NANCY LIBETH MORALES RUIZ worked approximately sixty (60) hours or more hours per week from in or around the last week of April 2022 until

in or around June 2022 and approximately fifty-nine (59) hours or more hours per week from in or around July 2022 until in or around February 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

27. Furthermore, Plaintiff NANCY LIBETH MORALES RUIZ worked in excess of ten (10) or more hours per day approximately five (5) days per week from in or around the last week of April 2022 until in or around February 2024, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

28. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

29. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

30. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

31. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

32. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are the collective class.

34. Collective Class: All persons who are or have been employed by the Defendants as food preparers, cooks, cleaners, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

35. Upon information and belief, Defendants employed approximately 10 or more employees within the relevant time period who were subjected to similar payment structures.

36. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

37. Defendants' unlawful conduct has been widespread, repeated, and consistent.

38. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

39. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

40. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

41. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

42. The claims of Plaintiff are typical of the claims of the putative class.

43. Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.

44. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

45. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

46. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

47. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

48. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

49. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

50. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

51. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

52. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

53. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

54. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

55. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor

56. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

57. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.

58. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## FOURTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

59. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

60. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).
61. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

62. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
63. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)
64. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff's unpaid overtime wages;
c. Awarding Plaintiff's unpaid spread of hours compensation;
d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
e. Awarding Plaintiff prejudgment and post-judgment interest;
f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and
g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: March 27, 2024
      Kew Gardens, NY

                                          */s/ Roman Avshalumov*
                                          Roman Avshalumov, Esq. (RA 5508)
                                          Helen F. Dalton & Associates, PC
                                          80-02 Kew Gardens Road, Suite 601
                                          Kew Gardens, New York 11415
                                          Telephone: 718-263-9591
                                          Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NANCY LIBETH MORALES RUIZ, individually and on behalf of all others similarly situated,

                Plaintiff,

-against-

MAP FOODS INC. d/b/a MICHAEL ANTHONY'S PIZZERIA & RESTAURANT and MICHAEL CALLARI, as an individual,

                Defendants.

## COLLECTIVE ACTION COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

To:

*Service via Secretary of State:*
**MAP FOODS INC. d/b/a MICHAEL ANTHONY'S PIZZERIA & RESTAURANT (DOS ID: 4859042)**
15 Harwood Way, Coram, NY 11727

*Via Personal Service:*
**MAP FOODS INC. d/b/a MICHAEL ANTHONY'S PIZZERIA & RESTAURANT**
2425 Middle Country Road, Ste 102, Centereach, NY 11720

**MICHAEL CALLARI**
2425 Middle Country Road, Ste 102, Centereach, NY 11720