

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

September 11, 2024

**Via ECF**
The Honorable James M. Wicks, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

Re: **Ruiz v. MAP Foods Inc. et al.**
      **2:23-cv-02257-AMD-JMW**

Dear Judge Wicks:

Our office represents Nancy Libeth Morales Ruiz ("Plaintiff") and we submit this motion jointly with counsel for MAP Foods Inc. d/b/a Michael Anthony's Pizzeria & Restaurant (hereinafter, "MAP Foods") and Michael Callari ("Callari"), as an individual (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' settlement agreement ("Settlement Agreement"), attached hereto as **Exhibit 1**, were reached at a Court-annexed mediation with all parties present on August 7, 2024.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiff's counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

I.  **The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

   a. **The Settlement Amount**

The parties agreed to resolve all claims asserted in this action, including Plaintiff's counsel's attorneys' fees, which are addressed below, for the global amount of $32,000.00.

### b. Plaintiff's Position

Plaintiff commenced this lawsuit alleging, *inter alia*, that she was not paid proper overtime rates of pay and spread of hours compensation in violation of the Fair Labor Standards Act (FLSA) and New York Labor Laws (NYLL).

Plaintiff Ruiz alleged that she was employed by Defendants at MAP Foods from in or around April 2022 until in or around February 2024, with primary job duties and tasks as a food preparer, cook, and cleaner while performing related miscellaneous duties and tasks for the Defendants, at the instructions and orders of the individual Defendant.

Plaintiff Ruiz alleged that she was regularly required to work approximately fifteen (15) hours per week during her first three weeks of employment in or around April 2022; sixty (60) hours per week from in or around the last week of April 2022 until in or around June 2022; and approximately fifty-nine (59) hours per week from in or around July 2022 until in or around February 2024.

Plaintiff further alleged that Defendants paid her a flat hourly rate of approximately $17.00 per hour for all hours worked from in or around April 2022 until in or around February 2024.

Based on the above, Plaintiff alleged she was owed approximately $15,076.57 in unpaid overtime wages and approximately $6,932.14 in unpaid spread of hours, for a total of approximately $22,008.71 in unpaid wages, not including any other monetary relief that she may have been entitled to under the FLSA or NYLL.

Although Plaintiff was confident that she could prevail on all of her claims should this matter have proceeded to trial, Plaintiff acknowledged the factual and legal disputes raised by Defendants regarding her claims. As such, Plaintiff's preference was for a guaranteed outcome via Court-approved settlement. Settlement at this juncture avoids the inherent risks and costs of litigation and allows Plaintiff to recover a substantial amount of her alleged unpaid wages claim – a figure strongly disputed by Defendants – in the near future as opposed to the uncertainty of recovery at a much later date in the future. Based on all of the above, Plaintiff believes that the settlement is a fair and reasonable resolution as to her wage claims.

### c. Defendants' Position

Defendants, in their Answer to Plaintiff's Complaint interposed general denials, asserted affirmative defenses and denied that Plaintiff worked the number of hours alleged in the complaint. Following the joinder of issue the parties jointly requested that the case be referred to Court's FLSA mediation program and a mediation was conducted before Mediator James A. Brown on August 7, 2024.

During the Mediation, Defendants contested Plaintiffs claims and calculation of damages and asserted that, among other things, Plaintiff's spread of hours claim could not be sustained since, "the majority of courts of this circuit that have considered this issue have concluded that, by its plain language, the spread of hours statute applies only to employees making minimum wage." *Carrasco-Flores v. Comprehensive Health Care and Rehabilitation Services, LLC,* 12-5737 2014 WL 4954629 (E.D.N.Y. Oct. 2, 2014). *See also, Roach v. T.L. Cannon Corp.,* 889 F. Supp.2d 364

(N.D.N.Y. 2012) ("This Court agrees with those cases that have found that New York's…spread of hours regulations applied only to workers earning at the minimum wage."). Plaintiff in her complaint alleges that she was paid seventeen dollars per hour, more than the minimum wage required in New York.

Despite the Defendant's denials and affirmative defenses, Defendant is mindful of the costs and uncertainties regarding protracted litigation and the potential negative impact on Defendant's small pizzeria restaurant. Defendant therefore agreed with Plaintiff on the terms of the settlement set out in the Settlement Agreement. Defendant believes the proposed settlement is fair and reasonable under *Cheeks* and therefore requests that the Court approve the proposed settlement.

### d. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against Defendants for $32,000.00. The parties believe that this amount is reasonable considering the parties' claims and defenses. Moreover, the settlement amount was only achieved after a mediation session before a qualified and experienced mediator with all parties present. The parties had genuine, bona fide disputes over the dates of Plaintiff's employment, the hours worked by Plaintiff, and the pay received by Plaintiff, but both sides negotiated in good faith to resolve these disputes with a fair and reasonable settlement amount.

### II.    The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 7 of the Settlement Agreement is appropriately tailored to claims under the FLSA, NYLL and their associated regulations. The Release does not raise any

concerns regarding unequal bargaining power between Plaintiff and Defendants, and the Release is not overbroad such that there is a concern that Plaintiff is releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiff from openly discussing his experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

### III.   Distribution to Plaintiff and Requested Attorneys' Fees and Expenses

#### a. Distribution to Plaintiff

The parties agreed to a global settlement of $32,000.00 to resolve all claims asserted against the Defendants in this action. If the Agreement is approved by the Court, Plaintiff will recover $20,568.67 after the requested attorneys' fees and expenses.

#### b. Requested Attorneys' Fees and Expenses

Plaintiff's counsel respectfully requests $1,147.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $405.00
- the costs of service of the Summons and Complaint on all Defendants: $442.00
- the costs of mediator's fee: $300.00

Additionally, Plaintiff's counsel respectfully requests one-third of the settlement less the expenses ($30,853.00), or $10,284.33 in attorneys' fees, as agreed upon in Plaintiff's retainer agreement with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $11,431.33.

As such, the settlement funds as broken down into its component parts is as follows:

**Settlement Amount:** $32,000.00
**Attorneys' Expenses:** $1,147.00
**Net Settlement Amount:** $30,853.00 ($32,000.00 - $1,147.00)
**Requested Attorneys' Fees:** $10,284.33 ($30,853.00 / 3)
**Total payable to Attorneys:** $11,431.33 ($10,284.33 + $1,147.00)
**Total payable to Plaintiff:** $20,568.67 ($32,000.00 - $11,431.33)

Plaintiff's attorneys and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of

the settlement amount. *See Santos v. Yellowstone Props, Inc.*, 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

      This request for attorneys' fees is supported by the work performed by Plaintiff's counsel throughout the litigation and the recovery secured through their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiff.

### IV.    Closing

      In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable as the settlement was the product of back-and-forth negotiations between experienced counsel. As such, we respectfully request that the Court approve the Settlement Agreement. We thank the Court for its consideration and remain available to provide any additional information.

      Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.